IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ex rel. Xavier Edwards, <br><br> Petitioner, <br><br> v. <br><br> Dan Austin, Warden <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 07 C 7196 |

MEMORANDUM OPINION AND ORDER

Xavier Edwards ("Edwards") has filed a 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus - Person in State Custody ("Petition"), seeking relief from his conviction and sentence of 20 years for second degree murder and 10 years for aggravated battery with a firearm.  This Court has reviewed the Petition in accordance with Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("Rule 4"), and it finds the Petition insufficient as a matter of law.  But before this memorandum opinion and order turns to that subject, two procedural matters should be addressed.

First, Edwards has accompanied the Petition with an In Forma Pauperis Application ("Application"), apparently unaware of the modest $5 fee that applies to Section 2254 petitions. On that score a copy of this memorandum opinion and order is being sent

---

[1] Further citations to Title 28 provisions will simply take the form "Section --."

to the Pinkneyville Correctional Center, where he is now in custody, with a direction that a check for the $5 fee payable to the Clerk of the United States District Court be transmitted forthwith to the Clerk's office (with the check to bear a reference to this Case No. 07 C 7196):

> Office of The Clerk
> United States District Court
> 219 S. Dearborn Street,
> Chicago, IL 60604

Attention: Fiscal Department

Next, the Petition has been submitted more than a year after November 29, 2006, when the Illinois Supreme Court denied leave to appeal from Edwards' unsuccessful effort to obtain reversal on his direct appeal before the Illinois Appellate Court for the First District.[2] But because the 90 days after that denial within which Edwards could have applied to the United States Supreme Court for a writ of certiorari is added to the November 29 date (<u>Andersen v. Litscher</u>, 281 F.3d 672, 674-75 (7th Cir. 2002)), that brings his current filing within the one-year period of limitations specified in Section 2244(d)(1)(A).

On then to the substantive claim that Edwards advances. According to the Petition, he was 16 when he committed the murder

---

[2] At the Appellate Court level, Edwards' conviction and sentence were affirmed in a June 15, 2006 unpublished order in Case No. 1-04-1654. Denial of leave to appeal to the Illinois Supreme Court is reported in the table at 222 Ill.2d 583, 861 N.E. 2d 658 (2006).

of Maurice Davis. When he was then charged with first degree murder and tried as an adult, Cook County Judge Colleen McSweeney Moore conducted a bench trial and found him not guilty of first degree murder because he had acted on serious provocation (the victim had attacked him), but she convicted him of second degree murder. According to Edwards, the state then moved for a juvenile hearing in the Cook County Criminal Court, and that hearing resulted in his being sentenced as an adult.

That procedure conformed exactly to the carefully structured Illinois statutes governing such situations. First, 705 ILCS 405/5-130(1)(a)[3] excludes from the definition of "delinquent minor" a minor who at the time of an offense was at least 15 years old and who is charged with first degree murder (as already indicated, that was Edwards' situation). That section goes on to provide:

> These charges and other charges arising out of the same incident shall be prosecuted under the criminal laws of this State.

Next, Section 5-130(c)(ii) specifies that where (as here) the minor is found not to have committed that charged offense, "that finding shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State"--but the State must then request a hearing if it wishes the minor to be sentenced in the

---

[3] Further references to provisions of that statute will take the form "Section 5-130--", omitting the prefatory references to "705 ILCS 405/."

same manner as an adult: that is, "under Chapter V of the Unified Code of Corrections."

Edwards expressly acknowledges that the prescribed procedure was adhered to in his case, but his quarrel is that the state court assertedly applied the statute incorrectly because it "did not considered[sic] all of the criteria required under such hearing." Edwards' problem in that respect is that even if such were the case, he has not identified a <u>federal</u> constitutional violation--the prerequisite to Section 2254 relief. No denial of equal protection of the laws is implicated by a state court's commission of an error in its application of state law--the most that Edwards claims.[4]

Accordingly, "it plainly appears from the petition...that the petitioner is not entitled to relief in the district court" (Rule 4). And that being the case, Rule 4 dictates that the Petition must be dismissed, and this Court so orders.[5]

_____
Milton I. Shadur
Senior United States District Judge

Date:    December 27, 2007

---

[4]This is not to suggest that any error was in fact committed in the state court system, a matter as to which this Court expresses no view. Instead the dispositive factor is that if any error did take place, it is not <u>federally</u> cognizable as a constitutional violation, either on the equal protection ground advanced by Edwards or on any other basis

[5]This dismissal renders Edwards' incomplete Motion for Appointment of Counsel moot, and that motion is denied on that ground.