FILED
JAN 2 2 2008
JAN 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, ex rel. Xavier Edwards, | ) ) ) | Appeal from the United States District Court for the Northern District of Illinois-Eastern Division. |
| Petitioner, | ) ) ) | |
| -VS- | ) ) ) | Case no. 07-C-7196 |
| Dan Austin, et. al. | ) ) ) | The Honorable Milton I. Shadur. |
| Respondent. | ) | Judge Presiding. |

MOTION FOR CERTIFICATE OF APPEALABILITY

Now comes the petitioner Xavier Edwards pro se, and request a Certificate of Appealability from the final judgement as follow:

1. The petitioner for writ of habeas corpus is summarily dismissed on (Rule 4), insufficient as a matter of law Governing section 2254 cases.

2. The petioner's one-year period of limitations.

3. The petitioner's Motion to Appoint Counsel are denied as moot.

Mr. Xavier Edwards pro se, request for the Certificate of Appealability because he submitted his habeas corpus in the Pinckneyville mailbox on November 19, 2007, (see Exhibit-G.,) which is attached to this motion also see the date on the Habeas corpus when Edwards placed it in the institutional mailbox, Edwards had to resend the habeas corpus because he misunderstood the proper address to this honorable court. Mr. Xavier Edwards Constitutional claims is sufficient in both State and Federal Constitution and law, U.S. Const, Amendment 14. also Ill. Const, Article I- Bill of Rights section 2. And title 18 U.S.C. 5032,,705 ILCS 405/5-805. A Certificate of Appealability should me issued to address these constitutional claims as a matter of law.

-1-

1.  Mr. Edwards was charged with first degree murder and tried as an adult under 705 ILCS 405/5-130 Excluded jurisdiction, (1)(a) (i) first degree murder, Cook County Judge Colleen McSweeney Moore conducted a bench trial and found him not guilty of first degree murder because he acted on a serious provocation (the victim attacked him), but she convicted him of second degree murder, 705 ILCS 405/5-130 Excluded jurisdiction, (1)(c) (ii) If after trial the court finds that the minor committed an offense not covered by paragraph (1)(a) (i) first degree murder, that finding shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the state; however, unless the State requests a hearing for the purpose of sentencing the minor under chapter V of the Unified Code of Corrections, the Court must proceed under Section 5-705 and 5-710 of this Article. To request a hearing, the State must file a written motion within 10 days following the entry of a finding or the return of a verdict. Reasonable notice of the motion shall be given to the minor or his counsel. If the motion is made by the State, the court shall conduct a hearing to determine if the minor should be sentenced under Chapter V of the Unified Code of Corrections. In making its determination, the court shall consider among other matters: (a) whether there is evidence that the offense was committed in an aggressive and premeditated manner; (b) the age of the minor; (c) the previous history of the minor; (d) whether there are facilities particularly available to the Juvenile Court or the Department of Juvenile Justice for treatment and rehabilitation of the minor; (e) whether the security of the public requires sentencing under Chapter V of the Unified Code of Corrections; and (f) whether the minor possessed a deadly weapon when committing the offense. The rules of evidence shall be the same as if at trial. If after the hearing the hearing the court finds that the minor should be sentenced under Chapter V of the Unified Code of Corrections, then the court shall sentence the minor accordingly having available to it any or all dispositions so prescribed

2.     Title 18 United States Code Section 5032 specifically provides:

A juvenile alleged to have committed an act of juvenile delinquency...shall not be proceed against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a state does not have jurisdiction or refuses to assume jurisdiction... (2) the State does not have availble programs and services adequate for the needs of juveniles or (3) the offense charged is a crime of violence that is a felony or an offense described in §§841, 952(a), 955 or 959 of Title 21, and that there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction....

3.     In the situations such as Edwards before this court, federal jurisdiction exists because the federal government has a substantial interest in the case. 18 U.S.C. § 5032 1(1)(2)(3). upon finding jurisdiction, a hearing must be held to determine if transferring the defendant and sentencing him to adult status is in the interest of justice. Only upon making such a finding may the government proceed against that person as an adult. 18 U.S.C. § 5032 5. In order to make such a determination, the statute directs that a district court consider and make findings with respect to each of the followings six factors: (1) the juvenile's age and social background, (2) the nature of the alleged offense, (3) the extent and nature of the juvenile's prior delinquency record, (4) the juvenile's intellectual development and psychological maturity, (5) the nature and success of past treatment efforts, and (6) the availability of programs to treat juvenile's behavioral problems. 18 U.S.C. § 5032 6.

The State of Illinois did not adequately comply with the statutory factors in Cook County criminal court which deprive Edwards due process of law; and denied him equal protection of the law thats afforded to the juvenile jurisdiction.

/S/ Xavier Edwards
Xavier Edwards
Reg. No. R-28955
5835 State Route 154
P.O. Box 999
Pinckneyville, IL 62274

-3-

```
FILED
JAN 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ex rel. Xavier Edwards, <br><br>     Petitioner, <br><br> -vs- <br><br> Dan Austin, et al. <br><br>     Respondent. | ) Appeal from the United States District <br> ) Court for the Northern District of <br> ) Illinois-Eastern Division. <br> ) <br> ) <br> ) <br> ) Case no. 07-C-7196 <br> ) <br> ) <br> ) <br> ) <br> ) The Honorable Milton I. Shadur. <br> ) Judge Presiding. |

### NOTICE OF FILING

TO: Micheal W. Dobbins          TO: Lisa Madigan
    219 S. Dearborn Street          100 W. Randolph Street
    Chicago, IL 60604               Chicago, IL 60601

PLEASE TAKE NOTICE that on or before the 9TH day of January, 2008. I shall cause to be file with the Clerk of the Court, United States Court of Appeals for the Seventh Circuit, the attached Notice of Appeal a copy of which is here serve upon you.

STATE OF ILLINOIS )
                  ) SS
COUNTY OF PERRY   )

BY: Xavier Edwards
    Reg. No. R-28955
    P.O. Box 999
    Pinckneyville, IL 62274

### CERTIFICATE OF SERVICE

I, Xavier Edwards, being duly sworn aver that I have serve a true copy of the attached Notice of Appeal upon the above name party(s) by placing said copies in the U.S. Mailbox at Pinckneyville Correctional Center on the 9TH day of JANUARY, 2008. First class postage prepaid. UNDER THE PENALTY OF PERJURY 28 U.S.C. SECTION 1746, the foregoing is true and correct.

EXECUTED ON JANUARY 9TH, 2008.

Xavier Edwards
AFFIANT