IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. XAVIER EDWARDS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No.  07 C 7196 |
| DAN AUSTIN, et al., | ) ) ) |
| Respondents. | ) |

MEMORANDUM ORDER

Xavier Edwards ("Edwards") has filed a Notice of Appeal, accompanied by a Motion for Certificate of Appealability, an In Forma Pauperis Application ("Application") and other related documents, seeking to appeal from this Court's December 27, 2007 memorandum opinion and order ("Opinion")[1] that dismissed Edwards' 28 U.S.C. §2254[2] Petition for Writ of Habeas Corpus - Person in State Custody ("Petition") because it was insufficient as a matter of law.  Because Edwards has asserted that he is entitled to a certificate of appealability on the mistaken premise that this Court found the Petition barred by limitations, and also because in substantive terms the Petition clearly failed to identify any <u>federal</u> constitutional violation that could provide Edwards with Section 2254 relief, this Court finds and certifies

---

[1] For the Court of Appeals' convenience in considering this matter, a copy of the Opinion is attached to this memorandum order.

[2] All further references to Title 28's provisions will simply take the form "Section--."

that his appeal "is not taken in good faith" within the meaning of Section 1915(a)(3), so that no certificate of appealability should issue.

But before this Court turns to those issues, Section 1915(b)(1) requires Edwards to pay the full $455 in appellate filing fees "[n]otwithstanding subsection (a)." This Court has accordingly made the calculation called for by that statutory provision, and it finds that the average monthly deposits to Edwards' trust fund account at Pinckneyville Correctional Center ("Pinckneyville," where he is serving his prison term) during the relevant six-month period came to $163.03, so that his required initial payment on account of those filing fees is $32.60 (20% of that average figure). Accordingly Edwards is assessed that initial fee of $32.60, and the Pinckneyville trust fund officer is ordered to collect that amount from Edwards' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment, the trust fund officer at Pinckneyville (or at any other correctional facility where Edwards may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the

preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $455 filing fee is paid.  Both the initial payment and all future payments shall clearly identify Edwards' name and the notation "Appeal from District Court Case No. 07 C 7196."  To implement these requirements, the Clerk shall send a copy of this order to the Pinckneyville trust fund officer.

Now back to Edwards' claims referred to earlier.  As to the first of those, Opinion at 2 expressly held that Edwards' "current filing [is brought] within the one-year period of limitations specified in Section 2244(d)(1)(A)."  And as for Edwards' substantive claims, Opinion at 2-4 explains this Court's view that Edwards does not possess even a colorable claim that is viable in Section 2254 terms.

Accordingly this Court finds that no certificate of appealability should issue.  Edwards is advised that he may present his request for a certificate of appealability to the Court of Appeals.

                                         _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date:  January 25, 2008

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

United States of America,      )
ex rel. Xavier Edwards,        )
                               )
            Petitioner,        )
                               )      No. 07 C 7196
      v.                       )
                               )
Dan Austin, Warden             )
                               )
            Respondent.        )

<u>MEMORANDUM OPINION AND ORDER</u>

Xavier Edwards ("Edwards") has filed a 28 U.S.C. § 2254[3] Petition for Writ of Habeas Corpus - Person in State Custody ("Petition"), seeking relief from his conviction and sentence of 20 years for second degree murder and 10 years for aggravated battery with a firearm. This Court has reviewed the Petition in accordance with Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("Rule 4"), and it finds the Petition insufficient as a matter of law. But before this memorandum opinion and order turns to that subject, two procedural matters should be addressed.

First, Edwards has accompanied the Petition with an In Forma Pauperis Application ("Application"), apparently unaware of the modest $5 fee that applies to Section 2254 petitions. On that

---

[3]Further citations to Title 28 provisions will simply take the form "Section --."

score a copy of this memorandum opinion and order is being sent to the Pinkneyville Correctional Center, where he is now in custody, with a direction that a check for the $5 fee payable to the Clerk of the United States District Court be transmitted forthwith to the Clerk's office (with the check to bear a reference to this Case No. 07 C 7196):

>   Office of The Clerk
>   United States District Court
>   219 S. Dearborn Street,
>   Chicago, IL 60604

 Attention: Fiscal Department

Next, the Petition has been submitted more than a year after November 29, 2006, when the Illinois Supreme Court denied leave to appeal from Edwards' unsuccessful effort to obtain reversal on his direct appeal before the Illinois Appellate Court for the First District.[4]  But because the 90 days after that denial within which Edwards could have applied to the United States Supreme Court for a writ of certiorari is added to the November 29 date (Andersen v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002)), that brings his current filing within the one-year period of limitations specified in Section 2244(d)(1)(A).

On then to the substantive claim that Edwards advances.

---

[4] At the Appellate Court level, Edwards' conviction and sentence were affirmed in a June 15, 2006 unpublished order in Case No. 1-04-1654. Denial of leave to appeal to the Illinois Supreme Court is reported in the table at 222 Ill.2d 583, 861 N.E. 2d 658 (2006).

5

According to the Petition, he was 16 when he committed the murder of Maurice Davis.  When he was then charged with first degree murder and tried as an adult, Cook County Judge Colleen McSweeney Moore conducted a bench trial and found him not guilty of first degree murder because he had acted on serious provocation (the victim had attacked him), but she convicted him of second degree murder.  According to Edwards, the state then moved for a juvenile hearing in the Cook County Criminal Court, and that hearing resulted in his being sentenced as an adult.

That procedure conformed exactly to the carefully structured Illinois statutes governing such situations.  First, 705 ILCS 405/5-130(1)(a)[5] excludes from the definition of "delinquent minor" a minor who at the time of an offense was at least 15 years old and who is charged with first degree murder (as already indicated, that was Edwards' situation).  That section goes on to provide:

> These charges and other charges arising out of the same incident shall be prosecuted under the criminal laws of this State.

Next, Section 5-130(c)(ii) specifies that where (as here) the minor is found not to have committed that charged offense, "that finding shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State"--but the State must then

---

[5] Further references to provisions of that statute will take the form "Section 5-130--", omitting the prefatory references to "705 ILCS 405/."

request a hearing if it wishes the minor to be sentenced in the same manner as an adult: that is, "under Chapter V of the Unified Code of Corrections."

Edwards expressly acknowledges that the prescribed procedure was adhered to in his case, but his quarrel is that the state court assertedly applied the statute incorrectly because it "did not considered[sic] all of the criteria required under such hearing." Edwards' problem in that respect is that even if such were the case, he has not identified a <u>federal</u> constitutional violation--the prerequisite to Section 2254 relief. No denial of equal protection of the laws is implicated by a state court's commission of an error in its application of state law--the most that Edwards claims.[6]

Accordingly, "it plainly appears from the petition...that the petitioner is not entitled to relief in the district court" (Rule 4). And that being the case, Rule 4 dictates that the Petition must be dismissed, and this Court so orders.[7]

_____
Milton I. Shadur
Senior United States District Judge

Date:    December 27, 2007

---

[6] This is not to suggest that any error was in fact committed in the state court system, a matter as to which this Court expresses no view. Instead the dispositive factor is that if any error did take place, it is not <u>federally</u> cognizable as a constitutional violation, either on the equal protection ground advanced by Edwards or on any other basis

[7] This dismissal renders Edwards' incomplete Motion for Appointment of Counsel moot, and that motion is denied on that ground.