```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

UNITED STATES OF AMERICA         )
ex rel. XAVIER EDWARDS,          )
                                 )
               Petitioner,       )
                                 )
     v.                          )   No.  07 C 7196
                                 )
DAN AUSTIN, et al.,              )
                                 )
               Respondents.      )
```

MEMORANDUM ORDER

This Court's December 27, 2007 memorandum opinion and order dismissed the 28 U.S.C. §2254 ("Section 2254") Petition for Writ of Habeas Corpus--Person in State Custody ("Petition") that had been filed by Xavier Edwards ("Edwards") to seek relief from his conviction and sentence of 20 years for second degree murder and 10 years for aggravated battery with a firearm. Edwards' appeal from that denial of the Petition resulted in a brief July 14, 2008 order in which our Court of Appeals vacated the judgment of dismissal and remanded the case for consideration of two federal constitutional claims that the Court of Appeals discerned in the Petition: "(1) a claim of ineffective assistance of counsel and (2) a claim that the sentencing hearing resulting from the transfer-back procedure violated the Equal Protection Clause."

Because of the shift to a system of electronic filing, the record sent back by the Court of Appeals on the remand was skeletal in nature--it did not include, as perhaps the most important component, Edwards' original Petition and its exhibits.

This Court has accordingly had that 90-odd-page document duplicated, and this memorandum order represents the first step in complying with the Court of Appeals' mandate.

As the first order of business, although this is at odds with the remand order that speaks of "constitutional claims" in the plural, the Petition reveals that Edwards' claim of ineffective assistance of counsel was properly presented to the Illinois Appellate Court for the First District and addressed at pages 8-9 of its unpublished June 15, 2006 order (Case No. 1-04-1654), but it was <u>not</u> then presented to the Illinois Supreme Court.  One of the exhibits to the Petition is a photocopy of the Petition for Leave To Appeal presented to that court by the Illinois Appellate Defender's office, and the only issues posed there were these:

> Review is necessary to decide two issues of first impression:  1) whether evidence of statutorily mandated factors must be presented at a Section 5-130 transfer back hearing; and 2) whether a presentence investigation report (PSI) is adequate and admissible evidence of these statutory factors.

No mention of the issue of an alleged constitutional inadequacy of representation by counsel was made in the Argument included in the Petition for Leave To Appeal.  And the Illinois Supreme Court did not speak to the merits at all--it simply denied leave to appeal (its No. 103231, reported in table at 222 Ill.2d 583, 861 N.E.2d 658 (2006)).

That being the case, this Court views <u>O'Sullivan v.</u>

Boerckel, 526 U.S. 838 (1999) as preventing the inadequate-representation-by-counsel issue from being available for federal habeas review because of the provision of Section 2254(c) requiring the exhaustion of state court remedies. Accordingly this Court would contemplate going forward only on the Equal Protection Clause issue because of the O'Sullivan teaching. But because of the scope of the remand order, which this Court is duty bound to follow, a copy of this memorandum order is being transmitted to our Court of Appeals to obtain its input on the subject.

As for the Equal Protection Clause contention, the Illinois Attorney General's office is ordered to file its answer on that issue on or before September 30, 2008. This Court will then be in a better position to evaluate whether appointment of counsel to represent Edwards is appropriate (something that may or may not be required, given the argument advanced in the appellate briefs and Petition for Leave To Appeal filed by Edwards' appellate counsel, already provided to this Court in conjunction with the Petition itself).

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 18, 2008