```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.    )
XAVIER EDWARDS #R28955,             )
                                    )
                 Petitioner,        )
                                    )
     v.                             )    No.  07 C 7196
                                    )
GREGORY SCHWARTZ,¹                  )
                                    )
                 Respondent.        )
```

                    MEMORANDUM OPINION AND ORDER

   This pro se proceeding brought by Xavier Edwards ("Edwards")

to obtain 28 U.S.C. §2254 ("Section 2254") relief has been

remanded to this Court by our Court of Appeals with a directive

to address two possible claims:

> We, however, discern two constitutional claims in
> Edwards's petition: (1) a claim of ineffective
> assistance of counsel and (2) a claim that the
> sentencing hearing resulting from the transfer-back
> procedure violated the Equal Protection Clause.

This Court consequently ordered that an Answer to Edwards'

petition be filed by the Illinois Attorney General's office and,

when that response spoke only to the second issue identified by

the Court of Appeals, further ordered that a supplement to the

Answer be directed to the first issue.  Even though the

---

   ¹ Gregory Schwartz ("Schwartz") is now the acting warden at
Pinckneyville Correctional Center, where petitioner Xavier
Edwards is in custody.  Rule 2(a) of the Rules Governing Section
2254 Cases in the United States District Courts ("Section 2254
Rules") calls for substituting Schwartz as the respondent in
place of Donald Gates, the then acting warden whom Edwards
originally named in his petition seeking federal habeas relief.

Supplement to Answer has been in hand since December 9, 2008, Edwards has not asked to file a reply.

It turns out that there was an understandable reason for the limited initial Answer filed by respondent's counsel, for the Supplement to Answer since filed on respondent's behalf has unquestionably demonstrated Edwards' fatal procedural default as to any claim of constitutionally deficient representation by his trial counsel. Although Edwards' direct appeal did urge counsel's claimed ineffectiveness in assertedly (1) failing to present evidence on the six factors listed in Illinois' adult sentencing hearing statute and (2) failing to "object to the cursory nature of the [adult sentencing] hearing" (Answer Ex. A, the Brief and Argument on Appeal at pages 21 (one sentence) and 27-29),[2] he did <u>not</u> include an ineffective assistance claim in his petition for leave to appeal to the Illinois Supreme Court (Answer Ex. G).

That being so, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999) teaches definitively that the ineffective assistance claim is

---

[2] Respondent's Supplement to Answer also asserts that those arguments (rejected by the Illinois Appellate Court's unpublished June 15, 2006 order in its Case No. 1-04-1654 (Answer Ex. D at pages 8-9)) are substantively somewhat different from the asserted deficiencies in trial counsel's representation that are now challenged by Edwards. That contention might serve as an added ground for the rejection of the current arguments as not having been submitted to the state courts in the first instance, but that issue need not be addressed in light of the following discussion in the text.

procedurally defaulted (accord, such cases as <u>Stevens v. McBride</u>, 489 F.3d 883, 894 (7th Cir. 2007), which would also lend force to the added argument just referred to in n.2). Because Edwards has shown neither cause for that default nor his actual innocence of the crime for which he was convicted, his claim of ineffective assistance of counsel fails to provide a basis for federal habeas review.

As for any claim of violation of the Equal Protection Clause--the other ground spoken of by the Court of Appeals--that appears to challenge, as running afoul of the federal Constitution, the Illinois "automatic transfer" rule, which requires that juveniles charged with certain serious offenses be tried as adults without receiving the "transfer hearing" that is accorded to juveniles charged with less serious offenses. But that too runs head on into the <u>O'Sullivan v. Boerckel</u> procedural default test, this time via a different violation of that case's directive that the preservation of a claim for federal habeas review requires "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" (526 U.S. at 845).

In this instance neither Edwards' Brief on direct appeal to the Illinois Appellate Court for the First District (Answer Ex. A) nor his Reply Brief before that court (Answer Ex. C)

raised any equal protection claim at all among the issues presented for review (with no mention whatever being made in either of those briefs of the Equal Protection Clause itself or of any federal case invoking or applying it). It was not until after the Appellate Court had affirmed the trial court in its previously-referred-to June 15, 2006 order (Answer Ex. D) that Edwards' appellate counsel then filed a petition for rehearing (Answer Ex. E) that first mentioned the federal Equal Protection Clause (as well as the corresponding provision of the Illinois Constitution).

But that belated effort was directly at odds with Ill. Sup. Ct. Rule 341(h)(7)(emphasis added):

> <u>Points not argued are waived and shall not be raised</u> in the reply brief, in oral argument, or <u>on petition for rehearing</u>.

As <u>In re Leslie H.</u>, 369 Ill.App.3d 854, 859, 861 N.E.2d 1010, 1015 (2d Dist. 2007) teaches, after quoting Ill. Sup. Ct. Rule 367(b)'s statement of the proper content of petitions for rehearing:

> Rather, a rehearing on an appeal can be granted only for purposes of correcting errors that the court has made, and the party seeking a rehearing cannot assign as error points or arguments that could have been raised before the appeal was resolved.

That in turn brings into play the principle set out in the unanimous decision in <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989), where--speaking of the need for submission to the state

4

courts in the situation in which "the claim has been presented for the first and only time in a procedural context in which its merits will not be considered"--the Supreme Court held:

> Raising the claim in such a fashion does not, for the relevant purpose, constitute "fair presentation."

And *that* procedural default is also fatal because of Edwards' failure once more to demonstrate either cause and prejudice or actual innocence.

In summary, this Court's consideration of the two potential arguments referred to by the Court of Appeals has left it with the conclusion that "it plainly appears from the petition and any attached exhibits [and, in this instance, the Answer and Supplement to Answer and their exhibits] that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). Accordingly this Court dismisses Edwards' petition and this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 3, 2009

5